**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-1067**

---

DAVID J. RICE,

                                        Plaintiff - Appellant,

        and

COMMUNITY HEALTH ASSOCIATION, d/b/a Jackson
General Hospital,

                                        Party in Interest,

        versus

ROSE  &  ATKINSON,  Attorneys  at  Law,  a
partnership;  MARK  A.  ATKINSON,  Esquire;
HERSCHEL  H.  ROSE,  III,  Esquire;  ANDREW  L.
PATERNOSTRO, Esquire; JOHN J. POLAK, Esquire;
MARTIN R. SMITH, JR., Esquire,

                                        Defendants - Appellees.

---

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Charles H. Haden II,
Chief District Judge. (CA-00-943)

---

Submitted: May 16, 2002              Decided: June 3, 2002

---

Before WILKINS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

David J. Rice, Appellant Pro Se.  Stephen R. Crislip, Jill M. Obenchain, JACKSON & KELLY, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David J. Rice appeals the district court's order granting Defendants' motion for summary judgment dismissing Rice's legal malpractice claim. We affirm.

This Court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing the absence of evidence to support the nonmoving party's case, the nonmoving party must come forward with specific facts showing a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

With these standards in mind, we affirm the district court's order dismissing Rice's legal malpractice claim on the reasoning of its memorandum opinion. See Rice v. Rose & Atkinson, 176 F. Supp. 2d 585 (S.D.W. Va. 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED